■ ABRAHAM WEINSTEIN, Respondent, v. LILLIAN A. SANFORD, Appellant. — Order unanimously reversed, without costs of this appeal to either party and motion granted, without costs. Memorandum: Under the facts of this case it was an improvident exercise of discretion to deny defendant's motion. (Appeal from an order of Monroe Special Term denying defendant's motion for a neurological examination.) Present — Williams, P. J., Bastow, McClusky, Henry and Noonan, JJ.

■ LAURA FAGIN et al., Respondents, v. GROSSINGER S & H INC., et al., Appellants. — Order unanimously reversed, without costs of this appeal to either party, and motion granted, without costs. Memorandum: The affidavit of the plaintiff-respondent failed to set forth facts demonstrating that there was a meritorious cause of action. In this respect it was deficient. Furthermore, there was no sufficient explanation in any of respondents' papers of the untimely delay in moving and prosecuting the case. (*Gallagher* v. *Clafington, Inc.,* 7 A D 2d 627; *Biondo* v. *New Amsterdam Cas. Co.,* 3 A D 2d 640.) Therefore, in the exercise of a provident discretion, the motion should be granted. (Appeal from an order of Erie Special Term denying defendants' motion to dismiss complaint for failure of prosecution.) Present — Williams, P. J., Bastow, McClusky, Henry and Noonan, JJ.

■ GORDON J. SPALTY, Appellant, v. H. P. LENHARD & SONS, INC., Respondent. — Judgment and order unanimously reversed in the exercise of discretion and a new trial granted, with costs to appellant to abide the event. Memorandum: The jury in this case by a vote of 10 – 2 returned a veridct of no cause of action. Thereafter, plaintiff's counsel learned that one of the jurors (and the foreman) was manager of the insurance and claims department of a large corporation. The trial court entertained a motion to set aside the verdict and examined the juror in the presence of respective counsel. It is apparent from the juror's answers to questions that he knew that a disclosure of the true nature of his employment would have resulted in his disqualification. Thus, in his words "To do otherwise * *. * would deprive me of the privilege to serve as a juror." From this and other answers the trial court concluded that it might be inferred that the juror, "though considering himself unbiased, felt that if the nature of his occupation were known, he would probably be challenged." While it is not claimed that the juror made untruthful answers to direct questions, we believe that his conduct was less than fair and frank to plaintiff, who was having his one day in court. In the interests of justice a new trial is required. Goldman, J., not participating. (Appeal from a judgment of Monroe Trial Term dismissing the complaint on the merits in a negligence action; also appeal from order denying motion for a new trial.) Present — Williams, P. J., Bastow, Goldman, McClusky and Henry, JJ.